# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SOCLEAN, INC. MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to: *SoClean, Inc.* v. *Koninklijke Philips N.V., et al.*, 2:22-cv-542 | Master Docket: No. 22-mc-152<br><br>MDL No. 3021 |

## JOINT STATUS REPORT REGARDING APPOINTMENT OF FDA EXPERT OR EXPERTS PURSUANT TO FEDERAL RULE OF EVIDENCE 706

Philips RS North America LLC, Philips North America LLC, and Koninklijke Philips N.V. (collectively, the "Philips Defendants"), the Consumer Plaintiffs and SoClean, Inc. ("SoClean") jointly submit this status report in response to the Court's request on June 15, 2023. The Philips Defendants and SoClean, Inc. ("the parties") met and conferred as directed to propose an FDA expert or experts to be appointed by the Court pursuant to Federal Rule of Evidence 706. (ECF No. 413.)

Following the Court's request, SoClean and the Philips Defendants exchanged lists of potential expert candidates. Consumer Plaintiffs were provided with the names exchanged by the parties and an opportunity to provide input on the potential expert candidates proposed by the parties. Among the potential experts proposed by SoClean was Heather Rosecrans, who formerly served as FDA's Director of 510(k) Premarket Notification Staff, responsible for "implementing administrative and regulatory policy for the 510(k) Program, the 513(g) Program, Classification, Reclassification, de novo petitions, and other premarket regulatory requirements," and currently is Executive Vice President, Medical Devices and Combination Products, at Greenleaf Health,

-1-

Inc., specializing in 510(k) clearance and the classification of medical devices.[1]  Thereafter, the parties continued to discuss other proposed FDA experts and to narrow their potential options in order to attempt to reach agreement.

With this background, the parties jointly agree and propose Ms. Rosecrans for the Court's consideration as at least one FDA expert.  The parties have not yet contacted Ms. Rosecrans concerning any potential appointment for this action and are unaware of her willingness and availability to serve as an expert, and therefore also request guidance from the Court as to whether they should jointly contact Ms. Rosecrans regarding her potential appointment or whether the Court would prefer to do so.

**Statement by the Philips Defendants:**

As noted above, the Philips Defendants and Consumer Class Action Plaintiffs agree to the appointment of Ms. Rosecrans, and anticipate she will have expertise and knowledge for the Court on FDA's classification and premarket application processes.  The dispute with SoClean is whether Ms. Rosecrans has sufficient knowledge to cover *all* areas of interest to the Court—including, in particular, the FDA's exercise of enforcement discretion.  The Philips Defendants and Consumer Plaintiffs understood that the Court also wanted the views of an FDA expert familiar with FDA's exercise of enforcement discretion, and both the Philips Defendants and the Consumer Plaintiffs agree enforcement discretion is an important issue to the Court's consideration of SoClean's claims and defenses.

To the Philips Defendants' and the Consumer Plaintiffs' knowledge, Ms. Rosecrans does not have prior FDA enforcement experience, including involvement in the decision-making of whether the FDA would exercise its enforcement discretion to decline to pursue an enforcement

---

[1]     https://www.greenleafhealth.com/member/heather-rosecrans-f-r-a-p-s/.

action against a company manufacturing and selling a product in violation of the Federal Food, Drug, and Cosmetic Act.² Ms. Rosecrans did not work in the Office of the Chief Counsel at FDA. At the June 15 case management conference, the parties, including SoClean, made clear that they believed that FDA's enforcement discretion would be one of the areas on which the court-appointed FDA expert should provide testimony. (*See, e.g.*, ECF No. 413 at 31:14-21 (Counsel for SoClean: "[T]here wasn't a day that went by where this product was sold illegally without the knowledge and enforcement discretion of FDA, and we can provide that evidence in a more fulsome record of correspondence between SoClean and FDA and also *through expert testimony that will, we believe, confirm everything that we have been telling you about how this process works, how the FDA's enforcement discretion works*.") (emphasis added).)³

In light of the importance of whether FDA exercised enforcement discretion regarding any of SoClean's devices, as well as the meaning and import of such enforcement discretion (if any) in this action, the Philips Defendants and the Consumer Plaintiffs believe that it would be appropriate to have someone with prior FDA enforcement experience serve as a court-appointed FDA expert as well. The Philips Defendants thus also propose two additional FDA experts:

- Annamarie Kempic, who worked at the FDA Office of the Chief Counsel from 1988 to 2022; and

- Ann Wion, who worked for the Office of General Counsel at FDA from 1993 to 2017.

---

² To the Philips Defendants' and the Consumer Plaintiffs' knowledge, none of the other candidates proposed by SoClean has this experience either. However, as all parties have agreed to the appointment of Ms. Rosecrans, the only question is whether to appoint an expert (in addition to Ms. Rosecrans) with experience specifically on FDA enforcement discretion.

³ *See also* ECF No. 413 at 38:16-18 (Counsel for the Philips Defendants: "Then you get into resources, enforcement discretion. That's where I think the FDA expert that Your Honor wants to appoint would be very helpful . . . .").

Although SoClean claims these individuals would have literally nothing admissible to offer, that is incorrect. They would not be offering legal opinions, but instead opinions on how the Court should understand and interpret the FDA's decision not to file an enforcement action against SoClean to date.

As with Ms. Rosecrans, none of the parties has reached out to either Ms. Kempic or Ms. Wion, and similarly request the Court's guidance regarding outreach to them.

**Statement by SoClean:**

During the meet and confer process, SoClean proposed five potential experts, each with decades of relevant experience and domain expertise in the review and classification of medical devices. Three of the candidates proposed by SoClean have prior experience at the FDA. In addition to Ms. Rosecrans, SoClean proposed Daniel Schultz, M.D.,[4] the former director of the Center for Devices and Radiological Health (CDRH), the FDA division responsible for the review of medical devices. As the Director of CDRH, Dr. Schultz was "responsible for seven FDA offices and more than 1,000 agency employees," and he "led the development implementation, and evaluation of regulatory polices concerning medical devices and radiation-emitting products."[5]

SoClean also proposed two highly qualified industry consultants: Anne Holland and Michelle Lott. Ms. Holland is the CEO and Founder of QA Consulting, a medical device consulting firm. According to her online biography,[6] Ms. Holland is "an expert in every phase of quality assurance from design concept and R&D through manufacturing/production, and post-market surveillance for Class I, II, and III medical devices." She also has prior experience as an

---

[4]    https://www.greenleafhealth.com/member/daniel-schultz-md-f-c-s/.

[5]    *Id.* SoClean proposed a third candidate with prior FDA experience who the Philips Defendants ruled out due to a purported conflict.

[6]    https://qaconsultinginc.com/about/meet-the-experts/

-4-

expert witness on medical devices and regulatory compliance. Ms. Lott is currently serving a four-year term on the FDA Device Good Manufacturing Practices Advisory Committee. She is a Regulatory Strategist, Principal, and Founder of Lean RAQA Systems, where she has "help[ed] more than 100 smaller companies with all things regulatory – strategy and planning, regulatory submissions, audit preparation and remediation, due diligence, quality system, and more."[7]

The Philips Defendants focus myopically on what they call "enforcement experience," proposing two former litigators from the Office of Chief Counsel. According to the website for the Office of Chief Counsel: "Litigators handle both *civil and criminal enforcement cases*, and defend challenges to provisions of the Federal Food, Drug, and Cosmetic Act (FDCA), the implementing [of] regulations, and FDA policies, initiatives, and decisions."[8] None of these proceedings has any relevance here. Civil and criminal enforcement cases through the court system are separate and distinct from the FDA's enforcement discretion to permit the distribution and sale of medical devices during the review process.

A former litigator will inevitably venture into the realm of providing legal opinions, rather than expert opinions based on sufficient facts and data, as Rule 702 requires. Such testimony would be improper and usurp the role of the Court in these proceedings. *See Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) ("an expert witness is prohibited from rendering a legal opinion"); *Whitmill v. City of Philadelphia*, 29 F. Supp. 2d 241, 246 (E.D. Pa. 1998) ("Allowing the plaintiff to elicit such testimony [concerning legality] from an expert witness would have usurped the role of the court and the jury."); *see also AstraZeneca UK Ltd. v. Watson Lab'ys, Inc. (NV)*, 2012 WL 6043266, at *1 (D. Del. Nov. 14, 2012) ("[T]he judges in this District

---

[7] https://www.linkedin.com/in/michellelottraqa/.

[8] https://www.fda.gov/about-fda/office-commissioner/office-chief-counsel.

have a well-established practice of excluding the testimony of legal experts, absent extraordinary circumstances.").

SoClean respectfully submits that a court-appointed FDA expert in this case should have direct experience and expertise concerning the actual review of medical devices, including issues related to classification, reclassification, de novo petitions, and the exercise of enforcement discretion. All of the expert candidates proposed by SoClean meet those criteria.

Dated: June 29, 2023

| | |
|---|---|
| */s/ Colin G. Cabral* | */s/ Michael H. Steinberg* |
| Colin G. Cabral (ccabral@proskauer.com) | Michael H. Steinberg (steinbergm@sullcrom.com) |
| Michael R. Hackett (mhackett@proskauer.com) | SULLIVAN & CROMWELL LLP |
| James A. Anderson (jaanderson@proskauer.com) | 1888 Century Park East |
| Hena M. Vora (hvora@proskauer.com) | Los Angeles, CA 90067 |
| PROSKAUER ROSE LLP | Telephone: (310) 712-6600 |
| One International Place | |
| Boston, MA 02110 | William B. Monahan (monahanw@sullcrom.com) |
| Telephone: (617) 526-9600 | Elizabeth N. Olsen (olsene@sullcrom.com) |
| | 125 Broad Street |
| *Attorneys for Plaintiff and Defendant SoClean, Inc.* | New York, NY 10004 |
| | Telephone: (212) 558-4000 |
| | |
| | *Attorneys for Defendants Philips North America LLC and Koninklijke Philips N.V.* |

| | |
|---|---|
| */s/ Ruth Anne French-Hodson* | */s/ Erik T. Koons* |
| Ruth Anne French-Hodson | Erik T. Koons (erik.koons@bakerbotts.com) |
| (rafrenchhodson@midwest-law.com) | BAKER BOTTS LLP |
| SHARP LAW, LLP | 700 K Street, N.W. |
| 4820 W. 75th Street | Washington, D.C. 20001 |
| Prairie Village, KS 66208 | Telephone: (202) 639-7973 |
| Telephone: (913) 901-0505 | |
| | *Attorneys for Defendant Philips RS North America LLC* |
| *Co-lead Counsel for Consumer Plaintiffs* | |